UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 23-CR-501-JSC |
| Plaintiff, | **DETENTION ORDER** |
| v. | |
| JONSAN VALLE-RODRIGUEZ, | |
| Defendant. | |

On December 13, 2023, defendant Jonsan Valle-Rodriguez was charged by Complaint with possessing with the intent to distribute a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).  On December 21, 2023, the defendant was charged by Indictment with the same offense.

This matter came before the Magistrate Judge for a series of detention hearings on December 14, 2023, December 20, 2023, December 22, 2023, January 9, 2024, and January 16, 2024.  At each hearing, the defendant was present and represented by Britt Evangelist.  Assistant United States Attorney Ivana Djak appeared for the government.  The government moved for detention, and the defendant opposed.  On January 16, 2024, the Magistrate Judge ordered the defendant released to two custodians and sureties. (Dkt. No. 36.)  That same day the government appealed the release order. (Dkt. Nos. 40, 43.)

This matter thus came before this Court on January 17, 2024 for an appeal of the Magistrate

Judge's release order.  At the hearing, counsel submitted proffers and arguments regarding detention.  Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required, and clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community.  Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).  As noted on the record, the Court makes the following findings as the bases for its conclusion.  First, the defendant is a danger to the community, as he is accused of being a member of a sophisticated drug trafficking organization that trafficked staggering quantities of deadly fentanyl in the Tenderloin, and of leaving unsecured fentanyl in proximity of minor children.  As he has not identified any legitimate means of income in the past year-plus of living in the Bay Area, and has not offered any prospect for legitimate income if released, his only source of income would be to continue the sale of fentanyl.  The defendant is also a flight risk as he is facing a lengthy prison sentence and near certain deportation.

The presence of the defendant's partner and children in the Bay Area is insufficient to deter his flight given the strength of the evidence and thus the prospect of a lengthy sentence and then removal from the United States.  And the proposed custodians and sureties are also not sufficient.  If they were not aware of the defendant's drug distribution conduct, despite his having no other source of income to support his family, then they do not have a sufficiently close relationship to the defendant to effectively ensure he does not flee.  Further, given their own vulnerable status, they are not in a position to ensure the defendant's compliance with the conditions of his release.

These findings are made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration based on changed circumstances.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving

sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: January 18, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge